Filed 4/4/23 P. v. Williams CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB LEE WILLIAMS,<br><br>    Defendant and Appellant. | H050500<br>(Monterey County<br>Super. Ct. No. MCR7889) |

### THE COURT[1]

Defendant Jacob Lee Williams appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[2] For the reasons set forth below, we affirm the order.

### I. PROCEDURAL BACKGROUND[3]

In 1992, Williams was convicted, after a court trial, of second degree murder (§ 187) and burglary (§ 459). The court also found true that Williams had personally used a knife in the commission of the murder. (§ 12022, subd. (b).) The court sentenced

---

[1] Before Greenwood, P. J., Grover, J. and Wilson, J.

[2] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes to the text. (Stats. 2022, ch. 58, § 10.)

[3] The facts of the offense are not relevant to the analysis and disposition of the appeal and therefore we have omitted them.

Williams to 16 years to life in state prison. This court affirmed that conviction. (*The People v Williams* (Oct. 21, 1993, No. H010251) [nonpub. opn.].)

On August 22, 2022, Williams filed a petition for resentencing under former section 1170.95. On August 4, 2022, the District Attorney conceded that Williams had made a prima facie showing under section 1172.6, subdivision (c), and requested that an evidentiary hearing be set under section 1172.6, subdivision (d)(1). The parties stipulated that the court could rely on the transcript from the preliminary hearing at the evidentiary hearing. At the evidentiary hearing on October 13, 2022, the court denied the petition after finding, beyond a reasonable doubt, that Williams was the actual killer. Williams timely appealed.

On appeal, counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). We notified Williams that he could file a supplemental brief on his own behalf, and that failure to do so would result in the dismissal of the appeal as abandoned. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) Williams filed a timely supplemental brief.

## II. DISCUSSION

In Williams's supplemental brief, he argues that he is entitled to be resentenced under Senate Bill No. 1437 (2017-2018 Reg. Sess.).

Williams does not raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Effective January 1, 2019, Senate Bill No. 1437 amended sections 188 and 189, which pertain to the definition of malice and the degrees of murder. (Stats. 2018, ch. 1015, §§ 2-3.) As amended, section 188 provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her

2

participation in a crime." (Stats. 2018, ch. 1015, § 2; § 188, subd. (a)(3).) The changes to the law were enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1170.95, which permits a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.) "If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner." (*Id.* at p. 992.)

Williams does not dispute the court's conclusion that he was the actual killer. Instead, he appears to argue that he is entitled to resentencing under section 1172.6 because, as a result of Senate Bill No. 1437, the definition of malice in section 188 was amended, so he was entitled to an instruction that malice could either be express or implied. Williams was convicted after a court trial, so no instructions were required. Additionally, Senate Bill No. 1437 modified section 188 by adding subdivision (a)(3), a provision which states that malice shall not be *imputed* to a person based solely on his participation in a crime. Williams does not claim that he was unlawfully convicted on the basis of imputed malice. Accordingly, he does not raise an arguable issue that the trial court erred in determining that he was ineligible for resentencing under section 1172.6.

Because Williams raises no arguable issue in his supplemental brief, we must affirm the post-conviction order. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## III.  DISPOSITION

The October 13, 2022 order denying the resentencing petition is affirmed.